IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASIF WAHEED,           )
                       )
    Plaintiff,         )
                       )
    v.                 )   No. 16 C 11436
                       )
HOYNE SAVINGS BANK,    )
                       )
    Defendant.         )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Hoyne Savings Bank's (Hoyne) motion to dismiss. For the following reasons, Hoyne's motion is granted.

## BACKGROUND

On May 7, 2012, Plaintiff Asif Waheed (Waheed) allegedly filed a bankruptcy petition that included debt. On August 22, 2012, Waheed alleges that he discharged the debt. Waheed alleges that as of September 2016, Hoyne provides false information regarding the debt. On December 17, 2016, Waheed filed the complaint in this action alleging a claim under 15 U.S.C. §1692e of the Fair Debt Collection Practices Act (FDCPA)(Claim I), and a claim under 15 U.S.C. § 1692e(8) of the FDCPA (Claim II). Hoyne moves to dismiss the complaint pursuant to the Federal

1

Rule of Civil Procedure 12(b)(6)(Rule 12(b)(6)).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); see also *Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Whether Hoyne is a Debt Collector Under the FDCPA

Hoyne argues that Waheed's complaint fails to sufficiently state that Hoyne is a debt collector and thus covered by the FDCPA. The "primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices." *Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir.1997) (internal quotation marks omitted). The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the FDCPA, a "debt collector" includes any person who: "uses an instrumentality of interstate commerce or the mails in "any business the principal purpose of which is the collection of any debts . . .or regularly collects or attempts to collect. . . debts owed or due asserted to be owed or due another." *McKinney v. Cadleway Properties, Inc.,* 548 F.3d 496, 500 (7th Cir. 2008).

Hoyne argues that Waheed fails to include any information regarding Hoyne's status as an alleged "debt collector." Waheed argues that Hoyne "does not deny that the debt was originally owed to Bank of America . . . ." (Def. Mot. Pg. 4). Hoyne is

3

not obligated to plead defenses to facts not alleged in the complaint. Waheed's failure to include that information in the complaint is indicative of the failure to provide sufficient notice to enable Hoyne to defend the allegations. Viewing the entirety of the allegations in a light most favorable to Waheed, the complaint fails to allege sufficient facts to suggest that Hoyne is a debt collector. Therefore, the court finds that Waheed fails to allege sufficient facts stating a plausible claim for relief under the FDCPA.

II. Other Alleged Claims

Hoyne also argues that Waheed's conclusory, vague, and confusing allegations of false representations, without any additional details, fails to give Hoyne notice of other FDCPA or Fair Credit Reporting Act (FCRA) violations. In the opening line of the complaint, Waheed alleges a violation of the FDCPA and also a violation the FCRA, 15 U.S.C. § 1681. Waheed fails to include any additional information, claims, or counts discussing a potential FCRA violation. Waheed has also failed to include any allegations regarding how the alleged debt is misrepresented, false, or in violation of the FDCPA. Therefore, To the extent Waheed alleges a violation of the FCRA or other violations of the FDCPA, those claims are dismissed with prejudice.

## CONCLUSION

Based on the foregoing analysis, Hoyne's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 12, 2017